IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-60481

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORENZO FAIRFAX,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Southern District of Mississippi
3:94-CR-126

---

May 7, 1996

Before GARWOOD, HIGGINBOTHAM and BENAVIDES, Circuit Judges.[*]

PER CURIAM:

After considering the briefs and record, the Court concludes that there is sufficient evidence to sustain the conviction.  The jury could find that an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant.  *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir. 1987), *cert. denied*, 484 U.S. 1075 (1988).  Nor will we disturb the district

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court's denial of a reduction in offense level for acceptance of responsibility. The district court's denial was not based on an erroneous view of the law, but rather its evaluation of the particular context of this case. In *Higdon*, we stated that "[e]vidence that [the defendant's] acts did induce fear in an individual victim *is* probative of whether his acts were objectively intimidating." *Id*. The district court could properly conclude that defendant at least implicitly contested whether the teller was in fact intimidated. The district court did not abuse its broad discretion in determining that the defendant did not merely challenge the applicability of the statute to undisputed facts. *United States v. Broussard*, 987 F.2d 215, 224-25 (5th Cir. 1993), is hence not controlling here.

AFFIRMED